UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD LUCKETT, <br> Plaintiff, <br> v. <br> ROBERT NEUSCHMID, et al., <br> Defendants. | Case No. 18-07695 BLF (PR) <br><br> **ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

---

[1] The matter was reassigned to this Court on February 11, 2019. (*See* Docket Nos. 4, 5.)

1 cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. **Plaintiff's Claims**

Under the section of the complaint regarding the exhaustion of administrative remedies, Plaintiff states: "A petitioner who wants to file state habeas corpus petition challenging a criminal conviction or sentence does not need to exhaust administrative remedies because the CDCR has no control over criminal matters." (Compl. at 1.) Then under the statement of claim, Plaintiff states, "I'm convicted for felony murder as an accomplice, using evidence that no one know where it came from." (*Id.* at 3.) Plaintiff then makes allegations regarding testimony given at trial, the destruction of evidence, and evidence tampering. (*Id.*) In the "Relief" section, Plaintiff states: "The errors presented deprived appellant of a fair trial, due process of law by withholding evidence/fact from jury. Reversal of judgment is required and remanded for new trial without tampered evidence, and the facts presented." (*Id.*)

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. Based on the information

2

contained in the complaint, Plaintiff is clearly challenging the lawfulness of his state criminal conviction and not conditions of his confinement. Accordingly, the claims must be raised in a § 2254 petition.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff may seek relief for his unconstitutional state conviction by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice to filing as a new habeas action under 28 U.S.C. § 2254.

The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff, along with an application to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

**Dated:** April 22, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.18\07695Luckett_dism(cr-hc)

3